# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2022

Lyle W. Cayce
Clerk

No. 22-50075

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT MICHAEL HANDLON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-314-2

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:

Robert Michael Handlon is serving a federal sentence of 240 months' imprisonment for conspiring to possess and distribute methamphetamine and hydrocodone. Since July 2020, Handlon has filed three motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The district court rejected Handlon's first motion because he had failed to exhaust his administrative remedies, and denied Handlon's second motion on the merits on November 18, 2020. More than a year later, Handlon filed a third motion for compassionate release. The district court denied the third motion "for

No. 22-50075

the same reasons stated in" its November 18, 2020 order. Handlon now appeals the district court's order denying his third motion. Because the district court did not provide a sufficient factual basis for us to exercise appellate review, we VACATE the district court's order and REMAND for further proceedings.

I.

From 1976 to 2018, federal law did not authorize prisoners like Handlon to file motions to reduce their sentences. Instead, during this period, the Bureau of Prisons ("BOP") had the exclusive power to file compassionate-release motions. *See* 18 U.S.C. § 4205(g) (repealed 1987); Pub. L. No. 98-473, Title II, ch. 2, § 212(a), 98 Stat. 1837, 1998 (1984) (enacting 18 U.S.C. § 3582(c)); *United States v. Shkambi*, 993 F.3d 388, 390-91 (5th Cir. 2021) (explaining this history). To obtain compassionate release for a prisoner, BOP had to show that relief was "consistent with applicable policy statements issued by the Sentencing Commission," among other requirements. *Shkambi*, 993 F.3d at 391. In 2006, the Sentencing Commission first issued a policy statement explaining what circumstances could justify a sentence reduction. *See* U.S.S.G. § 1B1.13; *Shkambi*, 993 F.3d at 391.

In 2018, the First Step Act amended Title 18 to permit prisoners to bring compassionate-relief motions on their own behalf. *See Shkambi*, 993 F.3d at 391. Now, under § 3582(c)(1)(A)(i), a district court can modify a term of imprisonment on a defendant's motion if, after considering the factors listed in 18 U.S.C. § 3553(a),[1] the district court concludes that

---

[1] Some of the § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal

"extraordinary and compelling reasons" warrant a reduction and a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Even though the text of § 1B1.13 refers only to "motion[s] of the Director of the Bureau of Prisons," U.S.S.G. § 1B1.13, some courts continued to treat § 1B1.13 and its conditions as binding on compassionate-relief motions filed by prisoners. In *United States v. Shkambi*, we clarified that § 1B1.13 does not bind district courts addressing prisoners' motions under § 3582. 993 F.3d at 393. After *Shkambi*, "our usual practice" has been to vacate and remand a district court's denial of a prisoner's motion where the court "did not have the benefit of *Shkambi*" and "mistakenly concluded that [§] 1B1.13 governed its analysis." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

Handlon's second compassionate-release motion was submitted and decided before *Shkambi*. Relevant here, Handlon asserted that the COVID-19 pandemic was an extraordinary and compelling reason for a sentence reduction, and explained that he had suffered "lung issues" as a result of a COVID-19 infection. In response, the government contended that COVID-19 was not an extraordinary and compelling reason within the meaning of § 1B1.13, and the government treated § 1B1.13 as binding in its analysis. The government also argued that the § 3553(a) factors did not support a sentence reduction. Among other factors, the government argued that "[n]o sentence

---

conduct," "to protect the public from further crimes of the defendant," and to provide the defendant with needed "medical care"; "the kinds of sentences available"; "the kinds of sentence and the sentencing range . . . set forth in the guidelines"; the policy statements of the Sentencing Commission; "the need to avoid unwarranted sentence disparities"; and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1)-(7).

reduction [was] necessary to provide [Handlon] with needed medical care," in part because Handlon had contracted and recovered from COVID-19.

On November 18, 2020, the district court denied Handlon's motion. In its order, the district court noted that it had received Handlon's moving papers and the government's opposition. Then, the district court said, "[a]fter considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the [c]ourt [denies] the [d]efendant's [m]otion on its merits." The district court gave no further explanation.

A week after the district court denied motion, Handlon moved for reconsideration, which the district court denied on November 30, 2020.

On January 21, 2022, Handlon filed a third motion for compassionate release. While Handlon focused on rebutting the government's arguments about his potential danger to the public, he also explained that he had caught COVID-19 for a second time. Handlon also attached his request to BOP for compassionate release, which claims that he had suffered "lasting complications" from COVID-19 like "shortness of breath," liver issues, and "memory weakness." A letter in support of Handlon's motion, dated August 29, 2021, corroborates that Handlon's "liver enzymes have been affected negatively." The government did not file an opposition.

The district court denied Handlon's January 2022 motion in a text order on the docket. The one-sentence decision explained that the motion was denied "for the same reasons stated in [the court's] [o]rder . . . dated [November 18, 2020]."

Handlon has timely appealed the district court's denial of his third compassionate-release motion.

II.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). A court abuses its discretion when "it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021) (citation omitted).

Construed liberally, Handlon's brief argues that the district court did not give a sufficient explanation for denying his third motion. We agree.

It is an abuse of discretion for a district court to deny a motion for compassionate release without providing "specific factual reasons" for its decision. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The amount of explanation required to meet this standard is context dependent. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (discussing 18 U.S.C. § 3582(c)(2)); *United States v. Pina*, 846 F. App'x 268, 269 (5th Cir. 2021) (per curiam) (applying *Chavez-Meza* to a § 3582(c)(1)(A)(i) motion); *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam) (same). Sometimes, "it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." *Chavez-Meza*, 138 S. Ct. at 1965.

In determining whether a district court sufficiently explained itself, we look to the entire record and the circumstances in which it was created. Where the judge deciding the compassionate-release motion is the same judge who sentenced the defendant, the record from the original sentencing may shed light on the judge's reasoning as to the compassionate-release motion. *See, e.g.*, *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, at *2 (5th Cir. Apr. 1, 2022) (per curiam). And where the government has opposed a prisoner's motion, it may be possible to tell that the district court's

order adopted the government's analysis from its opposition brief. *See, e.g.*, *United States v. Franco*, No. 21-50041, 2022 WL 1316218, at *1 (5th Cir. May 3, 2022) (per curiam); *United States v. Pleasant*, No. 21-50212, 2021 WL 5913090, at *1 (5th Cir. Dec. 14, 2021) (per curiam).

Applying those principles, our cases have reached inconsistent results. Take three cases involving orders drafted by the same judge who denied Handlon's motions. In *United States v. Sauseda*, the district court used the same language to deny Sauseda's motion as it did in denying Handlon's second motion: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the [c]ourt [denies] the [d]efendant's [m]otion[] on its merits." 2022 WL 989371, at *1. Because "the [g]overnment did not object or otherwise file any response," and because the "judge deciding the motion was not the judge who originally sentenced Sauseda," we concluded that the record did not sufficiently illuminate the district court's reasoning to permit appellate review. *Id.* at *2. So we vacated the order and remanded. *Id.* at *3. *United States v. Suttle* went a step further in vacating an identically worded order even though the government had filed an opposition to the motion. No. 21-50576, 2022 WL 1421164, at *1, *1 n.6 (5th Cir. May 5, 2022) (per curiam). We decided that "the district court did not adopt the [g]overnment's reasoning, or otherwise indicate that the [g]overnment's arguments provided the 'specific factual reasons' for its decision." *Id.* at *1 n.6. However, in *United States v. White*, we reached the opposite conclusion with respect to the same boilerplate order where the government filed an opposition. No. 21-50943, 2022 WL 1699467, at *1 (5th Cir. May 26, 2022) (per curiam). We explained that "the denial of relief was based in part on an independent assessment of the § 3553(a) factors, which the [g]overnment had argued as an additional basis for denying the motion." *Id.*

No. 22-50075

We need not resolve how *Suttle* and *White* should be reconciled because this case is more extreme. The government opposed Handlon's second motion, and a judge who had not sentenced Handlon denied his motion "[a]fter considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission"—the exact language and circumstances at issue in *Suttle* and *White*. But the order on appeal here is the district court's denial of Handlon's third motion. And the reason given for denying Handlon's third motion was simply "the same reasons stated in [the court's] [o]rder" denying the second motion.

Even assuming the order denying Handlon's second motion was "based in part on an independent assessment of the § 3553(a) factors, which the [g]overnment had argued as an additional basis for denying the motion," *White*, 2022 WL 1699467, at *1, we cannot draw the same inference about the order denying Handlon's third motion. The government did not file an opposition to the third motion, so the district court did not have *any* reasoning to incorporate by reference in its order. That matters because Handlon's third motion presented new factual circumstances relating to the need to provide the defendant with "medical care . . . in the most effective manner," 18 U.S.C. § 3553(a)(2)(D), which the district court could not have considered before. Specifically, Handlon stated that he had caught COVID-19 a second time and included evidence that he had suffered serious complications as a result. Since the district court's original order did not explain how it balanced the § 3553(a) factors or its specific factual conclusions as to any of those factors, it is impossible to tell how the district court would have considered this new information. And the government's earlier opposition, which we assume for the sake of argument formed the basis for the district court's analysis, *see White*, 2022 WL 1699467, at *1,

7

rested on an assumption that Handlon had "recovered from COVID-19." As Handlon's motion asserts, this may no longer be true.

Litigants sometimes pepper a district court with repetitive motions, and orders invoking "the same reasons stated" in an earlier ruling are an important docket-management tool. But a court cannot deny a second or subsequent motion for compassionate release "for the reasons stated" in a prior denial where the subsequent motion presents changed factual circumstances and it is not possible to discern from the earlier order what the district court thought about the relevant facts. As we explained, this is the case here. *Cf. United States v. Montoya-Ortiz*, No.21-50326, 2022 WL 2526449, at *3 (5th Cir. July 7, 2022) (per curiam) (affirming "perfunctory one-page order" denying subsequent motion because court had issued fifteen-page order addressing prior motion and the defendant's "new theories and evidence" would not have changed the court's prior analysis).

Finally, the district court's order also poses a *Shkambi* problem. Maybe the district court considered Handlon's second COVID-19 case and his other arguments, decided that the § 3553(a) did weigh in favor of release, but persisted in adopting the government's argument that the binding § 1B1.13 policy statement foreclosed relief. If the district court had made that mistake, we would vacate the order and remand under *Shkambi*. *See Jackson*, 27 F.4th at 1089. Yet the order is too cryptic to make clear whether the district court committed a legal error.

Handlon's third compassionate-release motion may have little chance of success. But judges have an obligation to say enough that the public can be confident that cases are decided in a reasoned way. *See Chavez-Meza*, 138 S. Ct. at 1963-64 (discussing *Rita v. United States*, 551 U.S. 338, 356 (2007)). Accordingly, we VACATE the district court's order denying Handlon's motion for compassionate release and REMAND for reconsideration

No. 22-50075

consistent with this opinion.    Handlon's motion to appoint counsel is DENIED as moot.