# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2023

Lyle W. Cayce
Clerk

No. 21-50983

United States of America,

*Plaintiff—Appellee*,

*versus*

Raymundo Jose Pina,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-181-3

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:\*

Appellant Raymundo Jose Pina is serving a 120-month sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. The district court imposed the sentence under a plea agreement.

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50983

In August 2020, Pina moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He cited the threat COVID-19 posed to him given his preexisting medical conditions as the "extraordinary and compelling reason[ ]" that might justify his early release. 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed a response in which it addressed the 18 U.S.C. § 3553(a) factors. The district court subsequently denied Pina's motion "on its merits" in November 2020, stating that it had considered "the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission."

Pina filed a second motion for compassionate release in September 2021. He reasserted many of the same arguments made in his first motion but noted he had suffered a heart attack in December 2020. The district court denied the motion "for the same reasons stated" in its November 2020 order. Pina timely appealed, asserting the district court's order lacked sufficient detail to permit appellate review.

A district court abuses its discretion if it does not provide adequate reasons for denying a motion for compassionate release. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The amount of explanation required, however, depends "upon the circumstances of the particular case." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). This court looks to the entire record when determining whether a district court sufficiently explained its order. *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022).

In denying Pina's September 2021 motion, the district court referred to its November 2020 order. That order adopted the government's arguments as to the Section 3553(a) factors and denied Pina's August 2020 motion on that basis. The record here permits the inference that the district court denied Pina's September 2021 motion on those same grounds. That is

No. 21-50983

sufficient.[1]   *See, e.g.*, *Chavez-Meza*, 138 S. Ct. at 1968 (affirming district court's use of check-the-box form order); *see also Chambliss*, 948 F.3d at 693–94.

For the foregoing reasons, the district court's order is AFFIRMED.

---

[1] *Handlon* does not compel a contrary conclusion. Unlike the movant in that case, Pina has not presented changed factual circumstances that make it impossible "to discern from the earlier order what the district court thought about the relevant facts." *Handlon*, 53 F.4th at 353. Indeed, records show that Pina has obtained adequate medical care in prison. It should also be noted that the district court judge who decided Pina's two compassionate release motions served as a magistrate judge in Pina's underlying criminal conviction proceedings. He is therefore intimately familiar with this case. *See United States v. Pina*, 7:08-cr-00181-3 (W.D. Tex.).