# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-20388

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT ALLEN STANFORD,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-342-1

———————————————————————

Before KING, SMITH, and ELROD, *Circuit Judges*.

JENNIFER WALKER ELROD, *Circuit Judge*:

We require the denial of a motion for compassionate release to be supported by "specific factual reasons." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Those reasons may be articulated in the denial order itself or incorporated by reference to something else in the record. The touchstone is the facilitation of meaningful review. *Cf. Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). We order a limited remand for the district court to explain its reasons.

No. 22-20388

I

The 2008 financial crisis prompted investors in Stanford International Bank to seek redemption of their certificates of deposit at greater rates than new buyers were purchasing them. When the bank was unable to pay its obligations, federal authorities launched an investigation that culminated in the "collapse and exposure" of Defendant Robert Allen Stanford's multi-*billion* dollar "fraudulent financial empire." *United States v. Stanford*, 805 F.3d 557, 564 (5th Cir. 2015).

Stanford was eventually convicted of thirteen financial crimes. At sentencing, Stanford's attorney asked the court to impose a 120-month prison term, a significant downward variance from the Sentencing Guidelines' recommended sentence of life in prison. Counsel asserted that this downward variance would satisfy the sentencing goals enumerated in 18 U.S.C. § 3553(a), a list of "purposes" Congress requires courts to consider when determining what sentence to impose.[1]

The district court disagreed with counsel's assessment of the § 3553(a) factors. It observed that Stanford had "perpetrat[ed] one of the most egregious criminal frauds ever presented to a trial jury in a federal court." It found that the "testimony graphically depicted that [Stanford's] actions ruined [the] lives of thousands of victims all over the world who entrusted him with their life savings." The court further stated that it received "about 350 letters" from victims of Stanford's scheme, and that it had read

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

each letter and considered each victim's "anger and grief." Noting that it had considered the sentencing goals of § 3553(a), the court then implicitly denied Stanford's request for a downward variance by imposing the equivalent of a life sentence.

After an unsuccessful collateral attack on his convictions under 28 U.S.C. § 2255, Stanford filed a series of *pro se* motions for compassionate release. This appeal arises from Stanford's third such motion. Stanford asks to be released based on the dangers posed by the pandemic, his close confinement with other prisoners, his age, and his preexisting heart condition. He also states that his wire fraud conviction was wrongful because it was predicated on a purely intrastate wire transmission, and that a wrongful conviction is an extraordinary and compelling reason justifying relief. Similarly, he contends that the district court could have considered whether the Government violated his right to counsel at trial by freezing assets that he could have used to hire the attorney of his choice.

The motion was denied in a brief order shortly after being filed. The entirety of the order denying relief stated:

> Pending before the Court is the Motion for Compassionate Release (Document # 1577). Having considered the motion and the applicable law, the Court determines that the foregoing motion should be denied. Accordingly, the Court hereby ORDERS that the Motion for Compassionate Release (Document # 1577) is DENIED.

According to Stanford, it was error for the court to deny his motion before receiving the Government's response and without addressing his arguments or indicating the standard that it applied. Stanford therefore asks that we remand the case with instructions for the district court to explain its decision.

## II

When a district court denies a motion for compassionate release, it must give '"specific factual reasons' for its decision." *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022) (quoting *Chambliss*, 948 F.3d at 693). The order here only announces that the appropriate analysis has been done.

Nor can we infer the district court's reasons from something else in the record. *Cf. United States v. Montoya-Ortiz*, No. 21-50326, 2022 WL 2526449, at *3 (5th Cir. July 7, 2022) (affirming the district court's "perfunctory one-page order" that denied a motion for compassionate release because "the district court's engagement with the substance of this motion is attested by its fifteen-page order addressing Montoya-Ortiz's prior motion"). The Government is correct that the record offers strong indicia of a potential rationale for denying Stanford's compassionate release motion based on the § 3553(a) factors. That is because the same district judge has ably presided over every chapter of the Stanford saga, and has previously found that Stanford "perpetrat[ed] one of the most egregious criminal frauds ever presented to a trial jury in federal court."

But the district court's order does not tell us that the court based its decision on the § 3553(a) factors. It states only that the court "considered [Stanford's] motion and the applicable law" and determined that the motion should be denied. We therefore have no reliable indication of the reason for the court's decision to deny relief. We do not know whether the court denied Stanford's motion because it concluded—despite new arguments and allegedly new facts—that the § 3553(a) factors still do not warrant early release, or because it concluded that Stanford's situation is insufficiently "extraordinary and compelling," or both. *See Handlon*, 53 F.4th at 353 (remanding because it was not clear whether the district court based its decision on a legal error or on its evaluation of the § 3553(a) factors); *United States v. Sauseda*,

No. 21-50210, 2022 WL 989371, at *2 (5th Cir. Apr. 1, 2022) (remanding because the district court's order did not indicate whether the defendant "failed to meet one, the other, or both requirements for compassionate release").

## III

To quote a previous decision by this court, Stanford's "third compassionate-release motion may have little chance of success. But judges have an obligation to say enough that the public can be confident that cases are decided in a reasoned way." *Handlon*, 53 F.4th at 353. Because the district court's order does not tell us what we need to know to exercise our review function, we order a limited remand "for the district court to explain its reasons for denial." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (internal quotation marks and citation omitted). *See also Handlon*, 53 F.4th at 353 (remanding for the district court to explain its reasons); *United States v. Suttle*, No. 21-50576, 2022 WL 1421164, at *1 (5th Cir. May 5, 2022) (same); *Sauseda*, 2022 WL 989371, at *3 (same). We do not mean to intimate what explanation the conscientious district court should provide.

LIMITED REMAND.