# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2023

Lyle W. Cayce
Clerk

No. 22-20388

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT ALLEN STANFORD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-342-1

Before KING, SMITH, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

This appeal arises from Robert Allen Stanford's *pro se* Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act. The district court denied Appellant's motion for compassionate release on July 25, 2022. On appeal, we ordered a limited remand of that decision for the district court to explain its reasons for denial. *United States v. Stanford*, 79 F.4th 461, 462 (5th Cir. 2023).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-20388

On limited remand, the district court then explained its reasons for the denial and reiterated its ruling. *United States v. Stanford*, 4:09-cr-00342-1, ECF 1591 (Aug. 31, 2023). Specifically, the district court analyzed Mr. Stanford's motion for compassionate release under the Section 3553 factors. *Id.* at 2–3. In doing so, the district court explained that Mr. Stanford's offenses were unprecedented and affected a countless number of victims, and that Mr. Stanford has an unsatisfied $5.9 billion restitution order against him. *Id.* at 2–3. Further, the district court noted that Ralph Janvey, the court-appointed receiver in the case, stated in a notice to the district court that Mr. Stanford is actively obstructing efforts to compensate victims. *Id.* at 3. Relying on these considerations, the court held that the Section 3553(a) factors and relevant policy considerations justified denying Mr. Stanford's motion for compassionate release. *Id.* at 3.

Mr. Stanford now argues that the district court erred by considering Mr. Janvey's notice, which was not part of the criminal record and which Mr. Stanford argues would not be admissible in a criminal proceeding.[1] Mr. Stanford also argues that the district court erred by denying his motion for compassionate release in light of the evidence that was properly before the district court.[2]

---

[1] Mr. Stanford requests that we take judicial notice of his argument that the district court wrongfully included Mr. Janvey's statement when weighing the Section 3552(a) factors. We do notice his argument, but it fails. Mr. Stanford's argument that the district court violated his due process rights by considering evidence that would not be admissible under the Federal Rules of Evidence lacks merit. The Federal Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3). Instead, federal courts "'exercise a wide discretion in the sources and types of evidence used' to craft appropriate sentences." *Concepcion v. United States*, 142 S. Ct. 2389, 2395 (2022) (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)).

[2] The court GRANTS Appellant's motion for leave to file supplemental briefing.

No. 22-20388

We review an order denying a motion for compassionate release for abuse of discretion. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). Here, the district court did not abuse its discretion in its determination that Mr. Stanford's motion for compassionate release should be denied. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) ("[A] court abuses its discretion if it bases its decisions on an error of law or a clearly erroneous assessment of the evidence."). We AFFIRM.