# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50216
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Miguel Camarena,

Defendant—Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-158-4

---

Before Elrod, Oldham, and Wilson, Circuit Judges.

Per Curiam:[*]

Miguel Camarena, federal prisoner # 37223-177, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he raises three arguments: (1) the district court erred when it did not find his purported sentencing errors to be extraordinary and compelling reasons warranting a reduced sentence; (2) the

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

district court erred in determining that the 18 U.S.C. § 3553(a) factors did not support a sentence reduction; and (3) the district court did not provide adequate reasons in its order denying his motion, thus violating his due process rights. Camarena has filed a motion for leave to file an out-of-time reply brief, and we GRANT the motion. Accordingly, we have considered Camarena's reply brief.

We review for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). As we have previously held, when a district court denies a motion for compassionate release, it must give '"specific factual reasons' for its decision." *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022) (quoting *Chambliss*, 948 F.3d at 693). Therefore, a district court must explain its analysis of the § 3553 factors. *United States v. Stanford*, 79 F.4th 461, 464 (5th Cir. 2023).

Here, the district court concluded that the § 3553(a) factors did not warrant relief; specifically, the court cited the nature and circumstances of Camarena's offense of conviction and the need for the sentence to reflect the seriousness of his offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, and protect the public from his further crimes. *See* § 3553(a)(1), (2)(A)–(C). We hold that this analysis is sufficient for due process purposes.

Although Camarena disagrees with the district court's weighing of the § 3553(a) factors, his disagreement is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694. Because the district court's assessment of the § 3553(a) factors supports the denial of Camarena's motion, we do not reach his argument that the court erred in finding that he did not establish his extraordinary and compelling reasons for compassionate release. *See id.* at 693–94.

AFFIRMED.