# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-50400

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KIMBERLY BAILEY,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-123-1

———————————————————————

Before HIGGINBOTHAM, STEWART, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Kimberly Bailey, federal prisoner # 48631-480, appeals the denial of her 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal and filing *pro se*, Bailey argues that: (1) the district court abused its discretion by failing to identify any "extraordinary and compelling reasons" to justify compassionate release; and (2) by failing to identify what factors were considered in reaching its decision.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Bailey suffers from a pituitary macroadenoma, a type of brain tumor, and her appellate briefing indicates that the tumor is malignant. Accordingly, she applied for compassionate release pursuant to 18 U.S.C. § 3553. The district court judge (who was also the sentencing judge) succinctly denied Bailey's motion, stating only: "The Court having considered all the pleadings in this case, the applicable factors provided in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission, DENIES the Defendant's Motion on its merits."

District courts may reduce terms of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the district court finds the reduction is justified by "extraordinary and compelling reasons" and would be consistent with applicable policy statements from the Sentencing Commission. *See* 18 U.S.C. § 3582 (c)(1)(A)(i). Because relief under this provision is discretionary, a district court can refuse it based solely on the § 3553(a) factors. *See Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). We review the denial of Bailey's § 3582(c)(1)(A)(i) motion for an abuse of discretion, which occurs when a district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence" or denies relief without "sufficiently articulat[ing] its reasons." *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). In denying a § 3582(c)(1)(A)(i) motion, "the district court must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors[.]" *Id.* at 693 (footnote omitted).

The district court did not here give such "specific factual reasons for its decision." *Id.* at 693. The district court judge "only announce[d] that the appropriate analysis has been done." *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023). Such limited analysis here deprives this Court of its ability to conduct meaningful review because we "have no reliable indication of the reason for the court's decision to deny relief." *Id.* at 464. Like the order

at issue in *Stanford*, we cannot determine whether Bailey's motion was denied because the § 3553(a) factors do not warrant early release, or because her medical situation is insufficiently "extraordinary and compelling," or both. *Id.* The lack of explanation is concerning here because Bailey claims her tumor is malignant and that she has received inadequate treatment, and this Court has previously held that a terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion. *Chambliss*, 948 F.3d at 692–93. To be clear, we do not suggest that the able district judge, who was also the sentencing judge, has not given all the attention due this post-sentencing matter. Rather, we remand here solely because we lack an adequate record to review Bailey's claim that she suffers from terminal cancer for which she has received inadequate care.

Accordingly, we VACATE the district court's order denying Bailey's motion for compassionate release and REMAND for reconsideration consistent with this opinion.