# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2024

Lyle W. Cayce
Clerk

_____

No. 23-40415
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnny Joe Guerra,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1128-10

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Johnny Joe Guerra, federal prisoner # 82349-279, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and the denial of his motion for a sentence reduction, filed pursuant to § 3582(c)(2). He also moves to supplement the record with additional legal authority and newly obtained medical records.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40415

On appeal, Guerra renews his argument that compassionate release is warranted under § 3582(c)(1)(A)(i) because his health conditions and increased risk of severe COVID-19 illness, his mother's health conditions, his post-sentence rehabilitation, and intervening changes in the law constitute extraordinary and compelling reasons for his release. He also contends that the district court misconstrued his arguments concerning intervening changes in the law as a policy disagreement with the Sentencing Guidelines. In addition, he argues that the district court erroneously weighed the 18 U.S.C. § 3553(a) factors, especially in light of his post-sentence rehabilitation, his low likelihood of recidivism, the nonviolent nature of his offense, his criminal history category of I, and the disparity between his and his co-defendant's life sentences, given his co-defendant's not-guilty plea and allegedly more egregious conduct in the methamphetamine trafficking conspiracy.

The record reflects that the district court explicitly considered the relevant § 3553(a) factors including: (i) the nature and circumstances of the offense; (ii) Guerra's history and characteristics; and (iii) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence, and to protect the public. *See* § 3553(a)(1), (2)(A)-(C). Guerra's disagreement with the district court's weighing of the § 3553(a) factors, including its analysis of whether there was any sentencing disparity, is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *see also United States v. Stanford*, 79 F.4th 461, 462 (5th Cir. 2023) ("We require the denial of a motion for compassionate release to be supported by 'specific factual reasons.'" (citation omitted)). Because the district court did not abuse its discretion in determining that relief was not warranted under the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling

reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

Liberally construed, Guerra's brief also renews his argument that, based on the totality of the circumstances, he was entitled to a sentence reduction under § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines.  However, because Amendment 782 would not have changed his offense level, the district court did not err in determining that a sentence reduction was not authorized under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s.

In light of the foregoing, the district court's decision is AFFIRMED. Guerra's motion to supplement motion is GRANTED in part as to the request to provide additional legal authority and DENIED in part as to the request to submit new medical records. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).