# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2024

Lyle W. Cayce
Clerk

No. 24-20060

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Wesley Connell,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-56-1

_____

Before Elrod, *Chief Judge*, and Higginbotham and Southwick, *Circuit Judges*.

Per Curiam:*

Wesley Connell, federal prisoner # 31492-509, acting *pro se*, appeals the district court's *sua sponte* denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). He argues the district court abused its discretion by failing to explain its reasoning. We AFFIRM.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20060

By statute, a sentence of imprisonment may be modified if certain conditions are met. *See* 18 U.S.C. § 3582(c). The relevant conditions here are the following:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, *or on its own motion*, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2) (emphasis added).

We added that emphasis because the circumstance applies here: Connell had not filed a motion for sentence reduction, but the district court entered an order denying a sentence reduction on January 23, 2024. The district court apparently was taking the initiative to address Amendment 821 to the United States Sentencing Guidelines, effective November 1, 2023, which reduced the sentencing range under the Guidelines applicable to an offense such as Connell's. On appeal, Connell states that he had been unaware that the district court would be considering whether to reduce his sentence. He insists the district court erred by not better explaining its reasoning.

We review the denial of a sentence reduction under Section 3582(c)(2) for an abuse of discretion. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court abuses its discretion if the decision is based "on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017) (quoting *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011)).

This court has held that a district court does not need to explain the denial of a sentence reduction under Section 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672–74 (5th Cir. 2009). *But see Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018) (pretermitting answering this question). Unlike a motion under Section 3582(c)(1)(A), which requires certain findings by a district court in its ruling, Section 3582(c)(2) simply grants the authority to reduce or to deny a reduction. Nonetheless, because the Supreme Court identified the issue in *Chavez-Meza* but did not resolve it, we will examine the explanation the district court gave in this case.

The district court's order that denied a sentence reduction stated that it was "taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." As the Supreme Court has held, "[i]n some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the [Section] 3553(a) factors, among others." *Chavez-Meza*, 585 U.S. at 116. We conclude that the explanation here was sufficient if an explanation was needed, even though there were no arguments from the parties. *See United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023) (collecting cases affirming summary denials of relief).

As in *Chavez-Meza*, the judge who denied Connell a sentence reduction was the same judge who sentenced him originally. 585 U.S. at 118. The denial was also relatively close in time, within three years of the original sentencing. Further, the judge's concerns at the original sentencing — primarily having to do with Connell's lengthy criminal history — are not of the kind that a retroactive amendment to the Sentencing Guidelines, even one involving criminal history points, would change. These circumstances suggest the judge denied a sentence reduction for the same reasons justifying Connell's original sentence.

No. 24-20060

Nor is this the sort of case that we would ordinarily remand to the district court for further explanation. We tend to remand primarily when: (1) the judge denying the sentence reduction was not the sentencing judge;[1] (2) the order cites an inapplicable policy statement;[2] (3) it is unclear whether the judge denied the motion as a matter of law or as a matter of discretion;[3] (4) the judge failed to consider a requested reduction in supervised release;[4] or (5) the judge failed to consider new arguments or changed factual circumstances in a subsequent motion.[5] None of those circumstances are present here.

AFFIRMED.

_____

[1] *United States v. Sauseda*, No. 21-50210, 2022 WL 989371, at *2–3 (5th Cir. Apr. 1, 2022); *United States v. Suttle*, No. 21-50576, 2022 WL 1421164, at *1 (5th Cir. May 5, 2022); *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *1–2 (5th Cir. June 22, 2023).

[2] *United States v. Perez*, 27 F.4th 1101, 1104 (5th Cir. 2022). *But see Escajeda*, 58 F.4th at 188 (affirming even though the district court mentioned an inapplicable policy statement).

[3] *Sauseda*, 2022 WL 989371, at *2–3; *United States v. Handlon*, 53 F.4th 348, 353 (5th Cir. 2022); *United States v. Stanford*, 79 F.4th 461, 464 (5th Cir. 2023).

[4] *United States v. Guzman*, No. 20-51001, 2022 WL 17538880, at *2–3 (5th Cir. Dec. 8, 2022); *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

[5] *Handlon*, 53 F.4th at 352–53; *Stanford*, 79 F.4th at 464.