# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1678
_____

United States of America

*Plaintiff - Appellee*

v.

Leslie Isben Rogge

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: April 18, 2025
Filed: June 20, 2025

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2022, Leslie Isben Rogge, now 85 years old, filed a motion to reduce his sentence, commonly known as a motion for compassionate release. He alleged that his age, deteriorating health, and need for specialized care are extraordinary and compelling reasons warranting release from his lengthy sentences and that release is

consistent with applicable sentencing policy statements. The district court[1] denied the motion without prejudice because Rogge is not eligible to request relief himself under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA). Roggie appeals that ruling. Although the question is one of first impression, we agree with other Circuits that have held that defendants like Rogge who committed their crimes before November 1, 1987, are not eligible to move for § 3582(c) compassionate release relief on their own behalf. Accordingly, we affirm.

## I. Procedural History

Between 1984 and 1997, Rogge was convicted and sentenced in five separate armed bank robbery cases in the Southern District of Florida (1984), the District of Idaho (1985), the Western District of Arkansas (charged in 1986, convicted and sentenced in 1997 after arrest in Guatemala), the Western District of Missouri (1997), and the Middle District of North Carolina (1997). The Missouri and North Carolina charges were transferred to the Western District of Arkansas, where Rogge pleaded guilty before sentencing. The Arkansas court imposed a 240-month sentence in the three later cases, consecutive to the unfufilled terms in the Florida and Idaho cases.

In July 2021, Rogge filed a *pro se* motion for compassionate release, citing his age, medical condition, institutional good conduct, and the percentage of time served. The district court denied the motion without prejudice for failure to exhaust administrative remedies. Rogge filed a second *pro se* motion in July 2022. The court appointed a Federal Public Defender, who filed an Emergency Motion for Reconsideration of a Sentence Reduction under § 603 of the FSA and 18 U.S.C. § 3582(c)(1)(A)(i), adding the argument that Rogge's extended confinement during the COVID-19 pandemic made his sentence more punitive than anticipated. The

---

[1]The Honorable Susan O. Hickey, Chief Judge of the United States District Court for the Western District of Arkansas.

-2-

government opposed the motion, arguing that Rogge failed to show extraordinary and compelling circumstances and that his criminal history weighed against release. In addition, the government argued that Rogge is an "old law" inmate -- serving a sentence for a pre-Sentencing Reform Act (SRA) offense -- and therefore ineligible for relief under § 3582(c)(1)(A).

The Probation Office submitted a detailed breakdown of the sentences Rogge has completed, is currently serving, and is scheduled to serve in the future. Based on this information, the court determined that, until October 25, 2025, Rogge will continue to serve a sentence arising from conduct that occurred in North Carolina in July 1986. Because that offense occurred before November 1, 1987, the effective date of the SRA, the district court concluded that Rogge is an "old law" inmate ineligible to seek compassionate release under § 3582(c) until at least October 25, 2025. The court denied Rogge's motion without prejudice on March 12, 2024, relying on United States v. Jackson, 991 F.3d 851 (7th Cir. 2021), and United States v. King, 24 F.4th 1226 (9th Cir. 2022), which held that inmates serving pre-SRA sentences must pursue a sentence reduction through 18 U.S.C. § 4205(g) that requires a motion initiated by the federal Bureau of Prisons ("BOP"). This appeal followed.

Rogge argues that he is eligible for a sentence reduction under § 603 of the FSA, which amended § 3582(c)(1)(A) to allow defendants, and not just the Bureau of Prisons, to file motions for compassionate release after exhausting administrative remedies. Pub. L. No. 115-391, § 603, 132 Stat. 5194 (2018). "We review de novo the applicability of the [FSA] to a defendant's case, including whether a defendant is eligible for a sentence reduction . . . [and] review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

## II. Discussion

Before Congress enacted the SRA, § 4205(g) authorized a court having jurisdiction to impose a sentence to reduce any minimum term to the time the defendant has served "[a]t any time upon motion of the [BOP]." The SRA, enacted in 1984, prospectively repealed § 4205(g) effective November 1, 1987. Section 4205(g) "remains the controlling law for inmates whose offenses occurred prior to that date." 28 C.F.R. § 572.40 (2021). For offenses committed after that date, the SRA replaced § 4205(g) with § 3582(c), which allows courts to modify sentences under certain conditions. See SRA of 1984, Pub. L. No. 98-473, §§ 211, 227, 235, 98 Stat. 1837. In later amendments, Congress made clear that § 3582(c) applies only to offenses committed after the SRA's effective date. See Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (inserting "shall apply only to offenses committed after the taking effect of this chapter" in § 3582(c)(1)). Thus the SRA as modified created a distinction between "old law" (pre-SRA) and "new law" (post-SRA) offenders based on whether the offense was committed before or after November 1, 1987. See King, 24 F.4th at 1229; Jackson, 991 F.3d at 852. Rogge seeks a sentence reduction under § 3582(c).

Prior to 2018, § 3582(c)(1)(A) provided that the sentencing court "may not modify a term of imprisonment once it has been imposed except that **(1)** in any case **(A)** the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . ." (emphasis added). Thus, under this provision, only the Director of the BOP could file a motion for a reduction in sentence. See, e.g., United States v. Handlon, 53 F.4th 348, 349-50 (5th Cir. 2022). In 2018, the FSA modified § 3582(c)(1)(A) to allow federal inmates to directly move for compassionate release relief after exhausting BOP remedies:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all*

-4-

*administrative rights to appeal a failure of the Bureau of Prisons to
bring a motion on the defendant's behalf or the lapse of 30 days from
the receipt of such a request by the warden of the defendant's facility,
whichever is earlier*, may reduce the term of imprisonment (and may
impose a term of probation or supervised release with or without
conditions that does not exceed the unserved portion of the original term
of imprisonment) . . . .

FSA, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (emphasis added
to identify language added by § 603 of the FSA); see United States v. Vangh,
990 F.3d 1138, 1139-40 (8th Cir. 2021).

On appeal, Rogge argues that the plain language of amended § 3582(c)(1)(a) --
allowing the court to reduce the sentence "in any case" upon motion of a defendant
who has fully exhausted his BOP remedies -- is unambiguous, contains no exception
for pre-SRA offenses, and reflects the intent of Congress to increase the use of
sentence reductions by creating "a new procedural vehicle." He argues that
disqualifying the oldest prisoners, those whose offenses occurred prior to November
1, 1987, from seeking relief would contradict the FSA's central goal and thus has "no
rational basis." He further notes that Congress explicitly excluded pre-SRA offenders
in § 102(b)(3) of the FSA, signaling that the decision to *include* all inmates in § 603
was intentional.[2] He urges us to apply the principle that courts should not "narrow
a provision's reach by inserting words Congress chose to omit." Lomax v. Ortiz-
Marquez, 140 S. Ct. 1721, 1725 (2020).

---

[2]Section 102(b)(3) amended the prerelease custody and supervised release
provisions of 18 U.S.C. § 3624(g). The Seventh Circuit considered and rejected this
argument in Jackson because "Section 3624 has been the subject of multiple changes
since 1984 . . . [and] transition language has been a routine part of these amendments,
so that each change applies to the proper set of cases. The inclusion of transition
language in § 102(b)(3) of the 2018 Act is of a kind with these earlier provisions."
991 F.3d 851 at 853-54.

There is no dispute that § 3582(c) did not afford Rogge the ability to personally seek compassionate release without a motion filed by the BOP before the FSA. His primary argument is therefore flawed because the "in any case" language was not added by the FSA; it has been in § 3582(c)(1) since its original enactment in 1984. If the FSA had enacted an entirely new version of § 3582(c)(1)(A), applying the new statute "in any case" would more plausibly override the prior limitation disqualifying offenses that occurred prior to November 1, 1987. But the FSA expressly stated that it amended, rather than replaced, the former § 3582. See Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (subsection (c)(1)(A) is "amended"). The preexisting transition provision therefore remains in force, and § 3582(c) continues not to apply to offenses committed before November 1, 1987. See King, 24 F.4th at 1229-30; Jackson, 991 F.3d at 853; accord United States v. Borelli, No. 21-1506, 2022 WL 6831650 (2d Cir. 2022); United States v. Erwin, No. 20-10795, 2021 WL 4805507 (5th Cir. 2021).

We agree with our sister circuits that the FSA only amended the SRA as modified and thus did not alter its exclusion of offenses predating November 1, 1987. The FSA neither expanded inmate eligibility under § 3582(c) nor repealed a limitation that already existed. While the FSA's broad goal was to expand use of sentence reductions, that general intent does not imply an intent to extend its provisions to all inmates, regardless of offense date. The statutory framework is clear: § 3582(c) applies only to offenses committed on or after the effective date of the SRA. See SRA § 227, as amended by § 4 of the Sentencing Reform Amendments Act of 1985 and § 2(a) of the Sentencing Act of 1987. Because Rogge falls within this category of "old law" offenders, his case is governed by § 4205(g). Only the BOP may initiate a compassionate release request on his behalf, and it did not do so here. Because the district court correctly applied the governing statute in denying relief, we affirm.

_____