# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20039
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Javier Narvaez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-428-2

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Francisco Javier Narvaez, federal prisoner # 83442-020, appeals the district court's denial of his motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). The district court stated that it had denied relief after considering "the motion, submissions, and applicable law." Before this

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20039

court, Narvaez contends that the district court failed to provide adequate reasons for its denial of relief.

When a district court denies a motion for compassionate release, it must provide specific reasons for its decision. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The amount of explanation required is dependent on the circumstances of the case. *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) (18 U.S.C. § 3582(c)(2) proceedings). The order in this case states only that the appropriate analysis has been done with no reasons for the decision. Moreover, there is nothing in the record from which we can infer the district court's reasons. *See United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (noting factors to consider in determining the reasons for a district court's ruling). The judge who ruled on the compassionate release motion is not the same judge who sentenced Narvaez or who ruled on his prior § 3582(c)(1)(A)(i) motion. Nor did the Government file a response in the district court.

"[J]udges have an obligation to say enough that the public can be confident that cases are decided in a reasoned way." *United States v. Handlon*, 53 F.4th 348, 353 (5th Cir. 2022). The district court's order does not indicate whether it denied Narvaez's motion because it concluded that the 18 U.S.C. § 3553(a) factors do not warrant early release or because it ruled that Narvaez failed to establish extraordinary and compelling circumstances, or both. *See Stanford*, 79 F.4th at 464; *Handlon*, 53 F.4th at 353. Accordingly, we order a limited remand so that the district court will clearly explain its reasons for denying relief. *See Stanford*, 79 F.4th at 464.

LIMITED REMAND.